IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JENKINS, | No. C 05-02946 CRB |
| Plaintiff, | **ORDER DENYING MOTION TO RECUSE AND ORDER TO SHOW CAUSE** |
| v. | |
| CALIFORNIA FEDERAL LOAN ASSOCIATION, et al., | |
| Defendants. | |

Now pending before the Court is plaintiff's motion to recuse as explained in open court on January 30. 2006. The motion is DENIED as there is no basis for recusal.

Plaintiff is further instructed to explain to the Court why res judicata does not apply to this action. The principle of res judicata, also known as claim preclusion, provides that a final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were or could have been raised in that action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998). The doctrine is applicable whenever there is: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties. Owens v. Kaiser Foundation Health Plan, 244 F.3d 708, 713 (9th Cir. 2001) (citing Blonder-Tongue Laboratories v. Univ. of Ill. Foundation, 402 U.S. 313, 323-24 (1974)). As a general rule, courts may, *sua sponte*, dismiss a case on res judicata or preclusion grounds "where the records of that court show that a previous action covering the same subject matter and parties

had been dismissed." See <u>Headwaters Inc. vs. United States Forest Service</u>, 399 F.3d 1047, 1054 (9th Cir. 2005) (quoting <u>Evarts v. W. Metal Finishing Co.</u>, 253 F.2d 637, 639 n.1 (9th Cir. 1958).

The Court dismissed Case No. C 01-2568 CRB, in which plaintiff sued the same or similar parties, on April 19, 2002, for failure to state a claim upon which relief could be granted and failure to prosecute. The Ninth Circuit subsequently affirmed the Court's dismissal in an unpublished opinion. See <u>Jenkins v. OCWEN Federal Bank/Sovereign Bancorp</u>, No. 02-15935 (9th Cir. Feb. 19, 2003). Plaintiff is ordered to show cause as to whether res judicata should apply in this matter no later than February 24, 2006. Plaintiff shall also address whether another course of action, such as a motion to reopen the original case under Rule 60 of the Federal Rules of Civil Procedure, would be appropriate. Plaintiff's submission shall not exceed 10 pages. Failure to timely show cause may result in the dismissal of the case.

**IT IS SO ORDERED.**

Dated: February 13, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE