United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN JENKINS,

        Plaintiff,

  v.

CALIFORNIA FEDERAL LOAN
ASSOCIATION ET AL,

        Defendant.

_____/

No. C 05-02946 CRB

**MEMORANDUM AND ORDER**

      In this lawsuit, Plaintiff John Jenkins alleges that myriad defendants have engaged in an "elaborate scheme to defraud [him]," ultimately resulting in the foreclosure on his home in Hillsborough, California.  Now pending before the Court are motions to dismiss filed by Ocwen Loan Servicing, Commonwealth Land Title Insurance Company, and Transnation Title Insurance Company (collectively, the "Moving Defendants").[1]  For the reasons set forth below, the Moving Defendants' Motions to Dismiss are GRANTED.

**BACKGROUND**

      In July 2001, in a different lawsuit, Plaintiff and his wife alleged that thirteen defendants (some of whom have been named in the instant lawsuit) had "concocted . . . fraudulent devices" in an effort to divest Plaintiff and his wife of their home and their

---

      [1] Prior to oral argument on these motions, Plaintiff stipulated to the dismissal of Fidelity National Title Insurance Company ("Fidelity"), which had also filed a motion to dismiss. Because that stipulated motion has been granted, Fidelity's pending motion to dismiss is DISMISSED as moot.

United States District Court

For the Northern District of California

possessions.  The complaint contained vague allegations regarding the defendants' failure to deduct a down payment allegedly paid by Plaintiff and his wife.  It further asserted a demand for $7.2 billion in damages. Beyond this, the complaint contained no specific allegations regarding any of the named defendants, and it provided little foundation for the claims it asserted against these defendants.

This Court granted Plaintiff and his wife numerous opportunities to amend their complaint.  First, the Court granted leave to amend the complaint on July 11, 2001.  Four months later, no amended complaint had been filed, and so, in November 2001, this Court issued an order to show cause why the complaint should not be dismissed for failure to prosecute.  At a hearing, the Court provided Plaintiff and his wife with three additional months to file an amended complaint.  By January 2002, no amended complaint had been filed.  At a case management conference in February 2002, this Court provided Plaintiff and his wife with another month to amend the complaint.  On March 22, 2002, the Plaintiff and his wife again failed to comply with the Court's deadline.  (Plaintiff and his wife did, however, submit a motion for recusal, which this Court denied.)  The defendants in the lawsuit filed motions to dismiss, and this Court granted the motions on two grounds: (1) because the complaint failed to state a legal claim, and (2) because Plaintiff and his wife had failed to comply with the Court's repeated orders to amend their complaint.  Plaintiff appealed to the Ninth Circuit, which affirmed this Court's decision, and to the Supreme Court, which denied certiorari.

In December 2005, Plaintiff filed the instant action.  As in his first lawsuit, Plaintiff now alleges that various financial institutions, real estate agencies, bankruptcy trustees, and employees of these various institutions and agencies all participated in "an elaborate scheme to defraud [him]."  First Am. Compl. ¶ 8.  As in his first lawsuit, Plaintiff's claims stem from actions taken by the defendants that resulted in the foreclosure on his house in Hillsborough, California.  Plaintiff's new complaint, however, is not identical to the old one.  In particular, although Plaintiff names several defendants who were also named in his original lawsuit, he identifies several new defendants.  See id. ¶ 4.  In addition, Plaintiff asserts that he has

2

discovered new evidence — specifically, new evidence revealing that he never in fact had proper title to his property in Hillsborough and that defendants were aware (or should have been aware) of the defective title. <u>See</u> <u>id.</u> ¶¶ 40-45.  Finally, in addition to the many causes of action that were previously asserted in the original lawsuit, Plaintiff raises new claims based on an alleged conspiracy among the various defendants (which included this Court as a "un-indictable co-conspirator") to deprive Plaintiff of his constitutional rights, in part out of antipathy toward him because he is African-American.  <u>Id.</u> ¶¶ 2, 52; <u>see also</u> <u>id.</u> ¶¶ 54-56 (alleging violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986).  The Complaint indicates that Plaintiff has filed this suit pursuant to Rule 60(b), pursuant to which a party may request relief from a final judgment due to "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial."  <u>Id.</u> ¶ 2.

Moving Defendants filed motions to dismiss, arguing that Plaintiff's suit (1) is improper under Rule 60(b), (2) fails to state a claim, (3) is barred by the doctrine of *res judicata*, and (4) is barred by applicable statutes of limitations.

## DISCUSSION

To the extent that Plaintiff's complaint identifies itself as a motion under Rule 60(b) for relief from the final judgment in his initial lawsuit, the motion is improper.  Rule 60(b) requires that any motion must be made "not more than one year after the judgment, order, or proceeding was entered or taken."  Plaintiff's original lawsuit was dismissed on April 29, 2002.  This lawsuit was filed more than three-and-a-half years later, on December 20, 2005.  The deadline for any Rule 60(b) motion — including for such motions based on the discovery of new evidence — has long since passed, and Plaintiff's motion under Rule 60(b) is therefore DENIED.

If Plaintiff's Complaint is construed not as a Rule 60(b) motion, but instead as an entirely new lawsuit, then the case must be dismissed because it is barred both by applicable statutes of limitations and by the doctrine of *res judicata*.

Each of Plaintiff's claims is time-barred.  As for Plaintiff's constitutional claims, the events underlying each of these claims ended, at the very latest, when this Court dismissed

United States District Court

For the Northern District of California

the original lawsuit on April 19, 2002, more than three-and-a-half years before Plaintiff filed his complaint on December 20, 2005.  None of the constitutional causes of action asserted by the defendants has a statute of limitations greater than three years in length.  See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (applying a two-year statute of limitations, taken from California law, to claims brought under § 1983); Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 711-12 (9th Cir. 1993) (noting that the statute of limitations applicable to § 1983 claims also applies to claims brought under § 1985); see also 42 U.S.C. § 1986 (establishing a one-year limitation).

Each of remaining claims — encompassing Plaintiffs' state-law claims and an alleged violation of the Truth in Lending Act — accrued, at the very latest, when Plaintiff was forcibly removed from his Hillsborough home on December 27, 1999.  Plaintiff filed this lawsuit nearly six years later on December 20, 2005.  None of the state-law claims advanced by the Plaintiff has a statute of limitations exceeding four years.  See Cal. Bus. & Prof. Code § 17208 (unfair business practices, four years); Cal. Civ. Code § 337(1) (breach of contract, four years); id. § 338(d) (fraud, three years); id. § 343 (breach of fiduciary duty, four years); id. § 335.1 (negligence, two years); id. §§ 337(1), 339(1), 340(d) (setting forth four, two, and one year limitations, respectively, which apply to different categories of claims for violations of the implied covenant of good faith and fair dealing); see also 15 U.S.C. §§ 1635(f), 1640(e) (setting forth three-year and one-year restrictions under the Truth in Lending Act in actions for rescission and damages, respectively).  Thus, none of the applicable statutes of limitations permit Plaintiff to proceed on his various claims.

Moreover, even if Plaintiff could escape the applicable statutes of limitations, his lawsuit is almost entirely barred by the doctrine of res judicata.  This doctrine "bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).  The doctrine applies when (1) the prior and present lawsuits involve identical claims, (2) there was a final judgment on the merits of the first action, and (3) there is privity between the two

1    parties in both of the actions.  Frank v. United Airlines, 216 F.3d 845, 850 (9th Cir. 2000).

2    The claims in this case meet all three criteria.[2]

3          First, Plaintiff's Complaint raises claims that are identical to those raised in the

4    previous lawsuit.  In considering whether claims are "identical," a court examines not

5    whether the exact same causes of action have been asserted, but rather "(1) whether rights or

6    interests established in the prior judgment would be destroyed or impaired by prosecution of

7    the second action; (2) whether substantially the same evidence is presented in the two

8    actions; (3) whether the two suits involve infringement of the same right; and (4) whether the

9    two suits arise out of the same transactional nucleus of facts."  Gospel Missions of America

10   v. City of Los Angeles, 328 F.3d 548, 555 (9th Cir. 2003).  The last of these factors is the

11   most important.  Id.  Here, Plaintiff's claims all clearly "arise out of the same transactional

12   nucleus of facts" — namely, the same actions that defendants allegedly took to divest

13   Plaintiff of his home in Hillsborough.  The new evidence raised by Plaintiff regarding the

14   allegedly defective title he received does not change the Court's analysis.  See id. at 558

15   ("An action that merely alleges new facts in support of a claim that has gone to judgment in a

16   previous litigation will be subject to claim preclusion.").  Moreover, Plaintiff's current

17   lawsuit involves the exact same rights he sought to protect in his first lawsuit, and

18   adjudication of this lawsuit would impair the exact same interests that defendants had sought

19   to protect in the first lawsuit.  It would also involve evaluation of the same evidence

20   regarding the financial transactions surrounding Plaintiff's acquisition and the subsequent

21   foreclosure on the Hillsborough home.  Accordingly, the claims advanced by Plaintiff are,

22   for purposes of *res judicata* analysis, "identical" to the ones he advanced in his 2001 lawsuit.

23

24   _____

25        [2] The only claims potentially *not* barred by *res judicata* are the constitutional claims
     advanced in Plaintiff's newest complaint, which were not included in Plaintiff's original lawsuit.
26   The reason that such claims are not barred by *res judicata* is that they involve an entirely distinct
     set of factual allegations.  Specifically, these claims rest on new allegations that the named
27   defendants colluded with this Court, and thereby acted under color of law, to deprive him of his
     constitutional rights. While these claims *may* survive analysis under the doctrine of *res judicata*
28   — this Court makes no explicit determination of that issue — they are all barred by the
     applicable statutes of limitations, as noted above.

Second, there was a final judgment on the merits of Plaintiff's original suit.  See Owens, 244 F.3d at 714 (holding that dismissal due to a failure to prosecute generally acts as an adjudication on the merits (citing FED. R. CIV. P. 41(b)); Cook v. Peter Kiewt Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (holding that dismissal for failure to state a claim is an adjudication on the merits).

Third, there is privity between the parties in this lawsuit and the parties in the previous action.  Obviously, Plaintiff was a party to both actions.  So were most of the named defendants: Ocwen Loan Servicing, Fidelity National Title Insurance Company, Commonwealth Land Title Insurance Company, Golden State Realty, California Trust Deeds, Door to Door Storage, Gwen Broadway, David Burchard, and Edward Walsh.  As to all of these defendants, privity clearly exists.  As to the two remaining defendants — Transnation Title Insurance Company and Teresa Richardson — privity also exists because these defendants are "so closely aligned in interest [with parties named in the previous lawsuit] that one is the virtual representative of the other."  Nordhorn v. Ladish Co., 9 F.3d 1402, 1405 (9th Cir. 1993).  Transnation Title Insurance Company is the subsidiary of a company that was named in the original lawsuit, which is sufficient on the facts of this case to establish privity.  See In re Imperial Corp. of America v. Alshuler, 92 F.3d 1503, 1507-08 (9th Cir. 1996).  Similarly, Teresa Richardson is the employee of a defendant that was named in the original lawsuit, and privity exists as to her because her alleged liability stems entirely from acts that she took within the scope of her employment with that previously named defendant.  See Spector v. El Ranco, Inc., 263 F.3d 143, 145 (9th Cir. 1959).

In sum, Plaintiff cannot present a cognizable motion under Rule 60(b) for relief from the judgment in his previous lawsuit, and all of the claims in this latest round of litigation are barred either by the applicable statutes of limitations, or by the doctrine of *res judicata*, or both.  For these reasons, Moving Defendants' motions to dismiss are GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice.

**IT IS SO ORDERED.**

1

2    Dated:  October 20, 2006

            CHARLES  R. BREYER
            UNITED STATES DISTRICT JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California